# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MABRY, | : | CIVIL ACTION NO. 1:17-CV-1148 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| KATHY P. LANE, Warden, | : | |
| Respondent | : | |

## **MEMORANDUM**

Petitioner James Mabry ("Mabry") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges his federal sentence, stemming from his guilty plea before the United States District Court for the Middle District of Pennsylvania, where he pled guilty to possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). See United States v. Mabry, 4:04-CR-120 (M.D. Pa.). A response and traverse having been filed, the petition is ripe for disposition. For the reasons discussed below, the court will dismiss the petition for lack of jurisdiction.

## I. Background

On May 4, 2005, Mabry pled guilty in the United States District Court for the Middle District of Pennsylvania to possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). See United States v. Mabry, 4:04-CR-120, Doc. 90 (M.D. Pa.). As part of the plea agreement, Mabry waived his right "to appeal any conviction and sentence, including a sentence imposed within the statutory maximum, on any and all grounds set forth in Title 18,

United States Code, Section 3742 or any other ground, constitutional or non-constitutional, including the manner in which the sentence was determined[.]" Id. He further waived his "right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255. Id. The maximum possible term of incarceration based on the crime of conviction was forty years in prison. See United States v. Mabry, No. 4:04-CR-120, 2006 WL 1330115 (M.D. Pa. May 15, 2006). In preparation for the sentencing hearing, the United States Probation Office determined that Mabry was a career offender and calculated a guideline range of 210 to 260 months. Id. Mabry received a sentence of 210 months in prison on March 3, 2006. Id.

On May 11, 2006, Mabry filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Id. By memorandum and order dated May 15, 2006, Mabry's § 2255 motion was denied without a hearing. Id. On January 8, 2007, the United States Court of Appeals for the Third Circuit granted a certificate of appealabilty. On July 28, 2008, the Third Circuit affirmed the denial of Mabry's § 2255 motion. See United States v. Mabry, 536 F.3d 231 (3rd Cir. 2012). The court held that Mabry's waiver of appellate rights, both direct and collateral, was knowing and voluntary and that enforcing the waiver would not work a miscarriage of justice. Id. at 238-44.

On April 5, 2010, Mabry filed a second motion to vacate, which the district court dismissed for lack of jurisdiction, and the Third Circuit also dismissed the

appeal for lack of jurisdiction.  See United States v. Mabry, 417 F. App'x 168 (3d Cir. 2011).

On February 15, 2012, the district court denied Mabry's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  See United States v. Mabry, No. 04–120, Doc. 159 (M.D. Pa. Feb. 15, 2012).

On May 24, 2012, the United States District Court for the District of New Jersey dismissed Mabry's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.  See Mabry v. Shartel, No. 12-2411, 2012 WL 1900592 (D.N.J. May 24, 2012).  On appeal, the Third Circuit Court of Appeals considered Mabry's arguments concerning his sentencing and wrote "we need not reach the merits of his argument because Mabry's appellate waiver forecloses review of his sentencing."  See Mabry v. Shartel, 632 F. App'x 707, 709 (3d Cir. 2015).

On January 25, 2015, another petition for writ of habeas corpus filed by Mabry under 28 U.S.C. § 2241 was dismissed for lack of jurisdiction.  See Mabry v. Meeks, No. 14-28, 2015 WL 224673 (W.D. Pa. Jan. 15, 2015), aff'd by Mabry v. Warden McKean FCI, 639 F. App'x 134 (3d Cir. 2016).

On May 4, 2016, Mabry, relying on Johnson v. United States, 135 S. Ct. 2551 (2015) and Beckles v. United States, 137 S. Ct. 886 (2017), filed a motion under 28 U.S.C. § 2244, seeking leave to file a second or successive § 2255 motion before the Third Circuit Court of Appeals.  *In re* Mabry, No. 16-2129 (3d Cir.).  By order of the same date, the court of appeals granted a stay of proceedings, pending a decision in Beckles, which raised the issue of whether Johnson invalidates the career offender

provisions of the United States Sentencing Guidelines—the same issue raised in Mabry's motion to file a second or successive § 2255 motion. Id.

On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause, and that the residual clause in § 4B1.2(a)(2) therefore is not void for vagueness. Beckles, 137 S. Ct. at 888. The Supreme Court reasoned that "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." Id. at 892.

By order dated June 8, 2017, the Third Circuit denied Mabry's motion stating that "under Beckles, Johnson did not announce a new rule of constitutional law invalidating § 4B1.2(a)'s residual clause." In re Mabry, No. 16-2129 (3d Cir. June 8, 2017).

Mabry now files the instant application for writ of habeas corpus, in which he challenges his federal sentence based on Johnson v. United States, 559 U.S. 133 (2010), Mathis v. United States, 136 S. Ct. 2243 (2016), and Descamps v. United States, 570 U.S. 254 (2013). (Docs. 1, 2).

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307

4

F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  Once relief is sought via § 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective.  See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52.  The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).  Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief.  See Dorsainvil, 119 F.3d at 251.  Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.  Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.  If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d at 1165.

To the extent that Mabry claims he meets the requirements under the savings clause based on his actual innocence of being a career offender, such a claim is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241.  See Brown v. Bledsoe, No. 3:11-

5

CV-986, 2012 WL 92344, at *8 (M.D. Pa. Jan. 11, 2012); Chestnut v. Thomas, No. 3:13-CV-2951, 2014 WL 6886251, at *5 (M.D. Pa. Dec. 4, 2014).

Mabry also seeks to vacate and correct his sentence in light of Mathis and Descamps. He cannot do so by means of a § 2241 petition. Mabry offers no evidence that the United States Supreme Court or the Third Circuit has held that Mathis or Descamps announced a new rule of law retroactively applicable to cases on collateral review. See Jackson v. Kirby, No. 17-4651, 2017 WL 3908868, at *1, n.1 (D.N.J. Sept. 6, 2017) (noting that neither the Supreme Court nor the Third Circuit Court of Appeals has decided whether Mathis is retroactively applicable on collateral review); Parker v. Warden FCI-Schuylkill, No. 17-0765, 2017 WL 2445334 (M.D. Pa. Jun. 6, 2017) (dismissing § 2241 habeas petition on screening because Mathis-based sentencing enhancement claim is not properly asserted under § 2241); Smith v. Warden Lewisburg USP, 614 F. App'x 52, 55 (3d Cir. 2015) (providing that Descamps "does not constitute the rare situation of an intervening change of the law sufficient to apply the 'safety valve' provided by § 2241"); United States v. Upshaw, No. 14-278, 2014 WL 3385118, at *2 (N.D. Fla. Jul. 9, 2014) (collecting cases that provide that the Supreme Court has not declared its decision in Descamps to be retroactively applicable on collateral review).

Finally, Mabry's reliance on Johnson and Beckles is misplaced, as sentencing enhancement challenges are insufficient to invoke § 2241. The law is clear that such claims must be brought in a motion under 28 U.S.C. § 2255, unless that section would be "inadequate or ineffective" to raise the claims. See Okereke, 307 F.3d at 120. Just because a petitioner cannot meet the stringent requirements of § 2255

6

does not make this section inadequate or ineffective.  Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102 (3d Cir. 2017) ("[I]ssues that might arise during sentencing [do] not make § 2255 inadequate or ineffective.").  Mabry has pointed to no reason why § 2255 would be inadequate or ineffective to raise the instant challenges to his sentence.  The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.  Accordingly, because there is no basis for a determination that § 2255 is inadequate or ineffective, Mabry's § 2241 petition will be dismissed for lack of jurisdiction.

    An appropriate order follows.

                                                    /S/ CHRISTOPHER C. CONNER
                                                  Christopher C. Conner, Chief Judge
                                                  United States District Court
                                                  Middle District of Pennsylvania

Dated:       April 6, 2020